# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| ERNEST A SWINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:25-cv-00012-HEA |
| v. | ) |
| | ) |
| JAMES KEVIN STONE and | ) |
| TOWN AND COUNTRY | ) |
| ABSTRACT COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court are the following motions filed by self-represented Plaintiff Ernest A Swinson: Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2); Compulsory Motions for the Court to Take Judicial Notice (ECF Nos. 3 and 5); Applications for Entry of Default, Relief and Supporting Affidavit (ECF Nos. 4 and 6); and (4) Motion for Emergency Temporary Restraining Order and Preliminary Injunction (ECF No. 7). For the following reasons, the Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and deny the remaining motions.

**Application to Proceed in District Court Without Prepaying Fees or Costs**

The Court may authorize the commencement of a civil action without prepayment of fees if a plaintiff demonstrates he is "unable to pay such fees or give

security therefor." 28 U.S.C. § 1915(a)(1). After review of Plaintiff's financial information, the Court finds Plaintiff is unable to pay the filing fee. The Court grants Plaintiff's application and waives the filing fee.

### Plaintiff's Compulsory Motions for the Court to Take Judicial Notice

Plaintiff has filed two motions, deemed "compulsory," asking the Court to take judicial notice of "Uniform Certificate of Missouri Title Association (No. 65) 18795 at 1-65." Courts may take judicial notice of public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). Plaintiff's motions asking the Court to take judicial notice are unnecessary, and will be denied.

### Applications for Entry of Default, Relief, and Supporting Affidavit

Plaintiff has filed two applications for entry of default pursuant to Federal Rule of Civil Procedure 55(a). Because Plaintiff is proceeding as an *in forma pauperis* litigant, the Court is required under 28 U.S.C. § 1915(e)(2)(B) to conduct an initial review of Plaintiff's complaint before issuing service on Defendants via the U.S. Marshals Service. *See* 28 U.S.C. § 1915(e)(2)(B); *Carter v. Schafer*, 273 Fed. Appx. 581 (8th Cir. 2008) (stating that the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits).

Section 1915(d) requires the officers of the court to issue and serve all process. The Court has not yet completed its initial review of Plaintiff's complaint, and therefore has not issued service on Defendants. For these reasons, Plaintiff's

2

applications for entry of default, relief, and supporting affidavit will be denied without prejudice as premature.

**Motion for Emergency TRO and Preliminary Injunction**

Plaintiff's Motion for Emergency Temporary Restraining Order (TRO) and Preliminary Injunction seeks emergency relief to enjoin Defendants from engaging in retaliatory conduct. Plaintiff states that since initiating this lawsuit in January, 2025, Defendants have retaliated against him by mailing a 2025 Real Estate Value Change Notice. Plaintiff states that this "is a continuation of interference with property and should be documented as an act of retaliation, intimidation, or obstruction." ECF No. 7 at 4.

Plaintiff's 2025 Real Estate Value Change Notice states that Plaintiff's property has increased in appraised value because of changes in the real estate market. *See* ECF No. 7 at 10. The Notice also provides procedures by which Plaintiff may challenge the value change, and deadlines for such response. Plaintiff may challenge the appraisal by contacting the Assessor's office and seeking an informal hearing, the deadline for which is June 30, 2025. *Id.* Plaintiff does not state that he has contacted the Assessor's office to challenge the assessment or seek a hearing. Rather, it seems he filed the instant motion five days after receiving his annual assessment, deeming the assessment to be harassment and necessitating a motion for an emergency TRO.

3

An injunction "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Whether to grant a TRO turns on four factors: (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party will succeed on the merits; and (4) the effect on the public interest. *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015). "None of these factors by itself is derterminative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986). The burden of proof is on the party seeking injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

Plaintiff has not met that burden here. Plaintiff's amended complaint alleges that on May 26, 2017, Defendant Stone, the Randolph County Assessor, changed the legal description of Plaintiff's land, resulting in the loss of a portion of the land. His amended complaint seeks damages for this alleged constitutional violation that purportedly occurred in 2017. Based on a five-year statute of limitations for § 1983 claims, Plaintiff's claims arising in 2017 are time-barred and subject to dismissal. *See Sulik v. Taney Cnty., Mo.*, 393 F.3d 583, 584 (8th Cir. 1984). It appears Plaintiff's action is time-barred and thus it is improbable that Plaintiff will succeed on the merits of his claim. Notably, Plaintiff previously brought this claim in this

4

Court, and it was dismissed on initial review as time-barred. *See Swinson v. Cohen, et al.*, No. 4:23-cv-1160-RHH (E.D. Mo. filed Sept. 14, 2023), ECF No. 7 at 8-9. It is unlikely that Plaintiff's claims, brought for the second time, will survive initial review under § 1915.

Additionally, Plaintiff has not met his burden of showing he is under the threat of irreparable harm. He alleges Defendants are harassing him by mailing him a 2025 Real Estate Value Change Notice, which indicates his property has increased in value. He does not explain how this document, sent annually, showing an increase in his property value amounts to any type of harassment. The Court finds none.

Weighing the factors listed above, the Court finds that Plaintiff has failed to demonstrate that he is likely to succeed on the merits of his claim and that he will suffer an immediate and irreparable injury if the Court does not grant the requested relief. For these reasons, Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that Plaintiff's Compulsory Motions for the Court to Take Judicial Notice are **DENIED**. [ECF Nos. 3 and 5]

**IT IS FURTHER ORDERED** that Plaintiff's Application For Entry of Default, Relief and Supporting Affidavit are **DENIED** without prejudice. [ECF Nos. 4 and 6]

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Emergency Temporary Restraining Order and Preliminary Injunction is **DENIED**. [ECF No. 7]

Dated this 27th day of June, 2025.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE